142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Petra VILLA, Defendant-Appellant
 No. 97-2981.
 United States Court of Appeals,
Seventh Circuit.
 .
Argued March 3, 1998.
Decided April 20, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 92 CR 832 Paul E. Plunkett, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. JOHN L. COFFEY, Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 After remaining a fugitive for almost seventeen months, Petra Villa pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court awarded Villa a two-level reduction under United States Sentencing Guidelines § 3E1.1(a) for acceptance of responsibility, but denied Villa's request for an additional one-level reduction under § 3E1.1(b) for a timely acceptance of responsibility. Villa appeals the district court's denial of the one-level reduction, arguing that the additional one-level adjustment was mandatory since Villa met the requirements of § 3E1.1(b).
 
 
 2
 On September 23, 1992, the Drug Enforcement Administration (DEA) arrested Villa after she attempted to sell a kilogram of cocaine to an undercover agent and informant. On December 21, 1992, Villa failed to appear at a status hearing and the judge issued a warrant for her arrest. Approximately seventeen months later, in May of 1994, Villa voluntarily surrendered herself to the authorities. On July 14, 1994, Villa pleaded guilty pursuant to a negotiated plea agreement.
 
 
 3
 At the sentencing hearing the only disputed issue was whether Villa would be awarded a downward adjustment for acceptance of responsibility. The district court determined that it would:
 
 
 4
 grant the two point reduction on the following grounds: Number 1, Ms. Villa was a fugitive and she's penalized two points for that but, knowing that, she did, after a year and a half or so on the run, come back and she surrendered herself to the authorities, and, having done that, she has now submitted to a version which the Court finds appropriate as an acceptance of responsibility and I think that it is reasonable to do this in light of the fact that she did turn herself in and has been willing not to put her children to the trouble, the serious trouble, of trying to get a bond and she has been content to remain in prison and accept the sentence that the Court imposes.
 
 
 5
 Villa then asked for an additional one-level reduction pursuant to § 3E1.1(b). The court then stated, "but that's got a bigger problem because that the--- the probation officer says she didn't timely notify of her intent to plead guilty and she fled the jurisdiction and that's--- did she plead guilty before or after she fled?" After eliciting arguments from both Villa and the government, the court determined that "... I've gone as far as I can go on this, and it's not going to make much difference anyway because whether it's 25 or 26, there is a minimum mandatory of five years, isn't there?"
 
 
 6
 Villa argues that the requirements of § 3E1.1(b) were met and that the district court clearly erred when it denied the one-level reduction. We review the district court's factual findings regarding acceptance of responsibility for clear error. See United States v. Covarrubias, 65 F.3d 1362, 1367 (7th Cir.1995).
 
 
 7
 The Sentencing Guidelines mandate an additional one-level reduction for a defendant who accepts responsibility under § 3E1.1(a) and who "timely notif[ies] authorities of [her] intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b)(2). See also United States v. Wetwattana, 94 F.3d 280, 285 (7th Cir.1996) (citing United States v. Francis, 39 F.3d 803, 808 (7th Cir.1994) and requiring "courts to examine the effect of a defendant's acceptance of responsibility on the expenditure of government and court resources," and not on the "chronology of particular plea negotiations.").
 
 
 8
 The present case presents the extraordinary circumstances in which the government claims that it did not prepare for trial or in any other way expend resources in preparation for the case while Villa was a fugitive. Accordingly, we are bound by their concession.
 
 
 9
 While it is true that "in general, the conduct qualifying for a decrease under sec. 3E1.1(b)(2) will occur early in the case, ... § 3E1.1(b)(2) defines timeliness in functional, rather than temporal terms." Wetwattana, 94 F.3d at 285 (citations omitted). See also United States v. Dethlefs, 123 F.3d 39, 43 (1st Cir.1997) ("Thus, the timeliness requirement of section 3E1.1(b)(2) cannot always be measured simply by counting calendar pages.").
 
 
 10
 Villa may be precluded from receiving the additional reduction under § 3E1.1(b), however, the district court made no finding regarding its expenditure of time and resources. While judicial experience teaches that there are normally time loses in maintaining and following fugitive calenders, it is in this area that the district court has provided no support for denying the third acceptance point. Without such support, the record seems to indicate that the district court settled on two levels rather than three as the sort of impermissible compromise we rejected in United States v. Townsend, 73 F.3d 747, 755 (7th Cir.1996).
 
 
 11
 The denial is vacated and remanded with instructions for the district court to determine whether Villa's fugitive status affected the court's resources. If it did, Villa's sentence shall remain the same. However, in the unlikely event that it did not, Villa must be awarded the additional one-level reduction and resentenced accordingly.
 
 
 12
 VACATED AND REMANDED.